UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Victor Willis, | Case No.: 15-cv-01078-BTM-AGS |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART KAREN WILLIS'S MOTION TO CLARIFY [Doc. 83]** |
| Scorpio Music (Black Scorpio) S.A., et al., | |
| Defendants. | |

Would-be intervenor Karen Willis seeks to clarify this Court's order denying Reach Music's motion to quash. There are a number of procedural problems with her request. First, Karen Willis failed to file her complaint in intervention in the time allotted by the District Judge, so she is not currently a party to this litigation. Second, her motion partly seeks reconsideration on Reach Music's behalf, but she has no standing to assert Reach Music's interests. Nonetheless, the Court will **GRANT** her request in part and clarify its previous order. Otherwise, her motion is **DENIED**.

On April 10, 2017, this Court denied Reach Music's motion to quash a deposition subpoena. [Doc. 82.] First, Ms. Willis asks whether this ruling is affected by the pending motion for voluntary dismissal. The answer is no. If the dismissal motion is granted before the deposition—or before any other discovery deadline—then that discovery event would become moot and no one would need to appear. If the dismissal motion is granted in mid-deposition—or in mid-compliance with any other discovery deadline—then the parties need not continue, as the authority for that discovery event would no longer exist. But since no stay has been requested or granted in this case, discovery will continue during the pendency of any motions, including the pending motion to dismiss. That motion is opposed by all defendants, and this Court will not pre-judge the district court's ruling on it.

Next, Ms. Willis requests that she be allowed to conduct her deposition of defendant Can't Stop Productions, Inc., during the month of April. Again, discovery is not stayed.

So long as their deposition notices comply with the rules and there is no valid reason for a protective order, the parties may depose whomever they wish, whenever they wish. But Karen Willis is not a party to this case because she failed to timely file her intervenor complaint. Unless and until she becomes a party to this case, she may not use the Court's discovery devices.

Finally, Ms. Willis moves the Court to reconsider or clarify its order, to the extent that it implies that Reach Music may not exercise "its independent right to **finally be heard** with respect to the third party subpoena." [Doc. 83, at 3.] To reiterate, Ms. Willis lacks authority to assert Reach Music's rights. Moreover, Reach Music was not denied its right to "finally be heard." Its motion was heard and denied. What Reach Music may not do is engage in abusive litigation practices. Reach Music could have asserted its rights months ago, when it first received notice of the deposition subpoena. Instead, it waited until two prior motions to quash this subpoena were heard and denied before opposing it. And when it finally filed its own motion to quash, Reach Music raised no new factual or legal issues that would change the Court's prior rulings. All litigants may assert their rights and file timely and proper motions before this Court. But no one is allowed to file repetitive motions that cause unnecessary delay and needlessly increase the costs of litigation. *See* Fed. R. Civ. P. 11(b)(1) & (c)(3).

Defendants assert that Reach Music's attorney is functioning at Karen Willis's command and is not truly acting as independent counsel. The current motion does much to concern this Court that defendants' suspicions are correct. Karen Willis is warned that any further attempt to advance others' rights in the judicial process may be met with sanctions.

Dated: April 19, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge