UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR WILLIS,<br><br>        Plaintiff,<br><br>v.<br><br>SCORPIO MUSIC (BLACK SCORPIO) S.A., CANT STOP PRODUCTIONS, INC. AND HENRI BELOLO,<br><br>        Defendant. | Case No.: 15-cv-1078-BTM-AGS<br><br>**ORDER** |

On May 12, 2017, the Court denied Plaintiff's motion to dismiss his action without prejudice. (ECF No. 103.)

The Court denied Plaintiff's motion to dismiss without prejudice because under *United States v. Ito*, 472 Fed. Appx. 841, 842 (9th Cir. 2012), Defendants would suffer legal prejudice if the Court granted the motion. While the Court could have followed the approach other district courts have taken and dismissed Plaintiff's copyright claim with prejudice, this is not the remedy that Plaintiff petitioned the Court for. *See GDS Indus., Inc. v. Great Am. Ins. Co.*, No. 16-cv-1506, 2016 WL 6962866, at *3 (S.D. Cal. Nov. 29, 2016) (applying *Ito* and dismissing Plaintiff's action with prejudice); *Deckers Outdoor Corp. v. Romeo &*

1

*Juliette, Inc.*, No. 15-cv-2812, 2016 WL 5842187, at *2–3 (C.D. Cal. Oct. 5, 2016) (dismissing plaintiff's patent infringement claim with prejudice while dismissing the breach of contract claim without prejudice).  The Court believes that it would be unfair to Plaintiff to dismiss his copyright claim with prejudice, and preclude him from litigating it in the future, when he did not move the Court to do so.  Accordingly, the Court denied Plaintiff's motion to dismiss without prejudice.

Nevertheless, on May 15, 2017, Intervenor Karen Willis filed an ex parte motion for clarification or reconsideration of this Court's May 12, 2017 order. (ECF No. 104.)  Intervenor's motion is hereby **denied.**

**IT IS SO ORDERED**.

Dated: May 17, 2017

_____
Barry Ted Moskowitz, Chief Judge
United States District Court